Leonard M. Shulman - Bar No. 126349
Rika M. Kido - Bar No. 273780
**SHULMAN BASTIAN FRIEDMAN & BUI LLP**
100 Spectrum Center Drive, Suite 600
Irvine, California 92618
Telephone:    (949) 340-3400
Facsimile:     (949) 340-3000
Email:          LShulman@shulmanbastian.com
                    RKido@shulmanbastian.com

Attorneys for Lynda T. Bui,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>**DDI DISTRIBUTION OF CALIFORNIA, LLC, dba DDI Distribution, Inc.,**<br><br>Debtor.<br><br>**Lynda T. Bui, the Chapter 7 Trustee for the bankruptcy estate of DDI DISTRIBUTION OF CALIFORNIA, LLC, dba DDI Distribution, Inc.,**<br><br>Plaintiff,<br><br>vs.<br><br>**PETER LARIOS, an individual, and THE UNITED STATES OF AMERICA,**<br><br>Defendants. | Case No. 6:19-bk-16545-WJ<br><br>Chapter 7<br><br>Adv. Case No.<br><br>**COMPLAINT IN INTERPLEADER**<br><br><u>Status Conference</u>:<br>Date:   To be set<br>Time:   To be set<br>Place:  Courtroom 304<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

Lynda T. Bui, solely in her capacity as the duly appointed, qualified, and acting Chapter 7 Trustee ("<u>Trustee</u>" or "<u>Plaintiff</u>") for the bankruptcy estate ("<u>Estate</u>") of DDI Distribution of California, LLC, dba DDI Distribution, Inc. ("<u>Debtor</u>"), hereby alleges as follows:

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Interpleader Complaint v2.docx

1

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $22,700.00.

3. This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (K). Regardless of whether the Claim for Relief asserted herein is core or non-core, Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

## PARTIES

4. Trustee is informed and believes, and thereon alleges, that defendant Peter Larios ("Larios") is an individual residing in the County of Riverside in the State of California.

5. Trustee is informed and believes, and thereon alleges, that United States of America (the "United States") asserts that it is a creditor of Larios on account of certain taxes owed to the Internal Revenue Service ("Service"). The United States has waived its sovereign immunity pursuant to 28 U.S.C. § 2410.

6. Larios and the Service shall be collectively referred to as Defendants.

## FACTUAL BACKGROUND

### Case Commencement

7. On July 27, 2019, the Debtor filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California, commencing the above-captioned case (the "Bankruptcy Case").

8. The deadline for filing claims in this case was June 23, 2019. Government claims were due by January 23, 2020. There have been six (6) unsecured claims filed totaling $977,616.19, of which $840.73 represents priority claims and $976,775.46 represents general unsecured claims.

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Interpleader Complaint v2.docx

2

**The Property**

9. The Property of the Estate includes the real property located at 17580 Wicker Way, Riverside, California 92504 ("Property").

10. On June 23, 2020, the Trustee filed an adversary proceeding against Larios and others for claims for breach of fiduciary duty and fraudulent transfers causing the prepetition diminution and loss of property of the Debtor, commencing *Bui v. Pal Distribution, Inc., et. al.*, Adv. No. 6:20-bk-01118-MW ("Adversary Proceeding"). Larios denied all wrongdoing in connection with the Adversary Proceeding.

11. On March 23, 2021, the Trustee filed a *Motion for Order Approving Settlement and Compromise of Disputes between the Bankruptcy Estate and Peter Larios* ("Compromise Motion") in the Bankruptcy Case [Bankruptcy Case, docket no. 77]. Through the Compromise Motion, the Trustee requested that the Court approve a certain settlement agreement ("Settlement Agreement") between the Trustee and Larios that provided: (a) Larios would deliver a Grant Deed for the Property to be recorded, (b) the Trustee would sell the Property and distribute proceeds sixty percent (60%) to the Estate and forty percent (40%) to Larios, and (c) until the Property is sold, Larios would maintain the Property by paying all mortgages, taxes, insurance, if any, and conducting all necessary maintenance.

12. The Court granted the Compromise Motion and approved the Settlement Agreement pursuant to the Order entered May 3, 2021 [Bankruptcy Case, docket no. 83].

**Stipulation With Larios**

13. Larios also did not pay real property taxes as provided for in the Settlement Agreement. After learning about the arrearages beginning in July 2021 and thereafter, the Trustee entered into a Stipulation with Larios to modify the Settlement Agreement ("Stipulation") [Bankruptcy Case, docket no. 89]. Pursuant to the Stipulation, the Settlement Agreement was modified to reflect that all property taxes due and owing for the Property would be deducted from Lario's forty percent (40%) of the net proceeds.

///

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Interpleader Complaint v2.docx

3

### Sale of the Property

14. On May 23, 2023, Trustee filed her *Motion for Order: (1) Approving the Sale of Real Property of the Estate Free and Clear of Liens Pursuant to Bankruptcy Code §§ 363(b)(1) and 363(f), Subject to Overbids, Combined With Notice of Bidding Procedures and Request for Approval of the Bidding Procedures Utilized; (2) Approving Payment of Real Estate Commission; and (3) Granting Related Relief* ("Sale Motion") in the Bankruptcy Case [Bankruptcy Case, docket no. 95]. The Court entered an Order approving the Sale Motion on June 15, 2023 [Bankruptcy Case, docket no. 101] ("Sale Order").

15. The Sale Order approved the sale of the Property for the purchase price of $217,000.00.

16. The Sale Order authorized the Trustee to disburse funds to Larios pursuant to the Settlement Agreement after payment of delinquent real property taxes (per the Stipulation) and payment of insurance premiums and finance charges.

### IRS Lien

17. On June 27, 2023, the Los Angeles Office of the Service faxed a Notice of Federal Taxes Due (Form 10492) to A & A Escrow Services, Inc. (the "Escrow Holder") stating that Larios owes the Service the sum of $6,422,724.90 as of July 28, 2023 (the "Tax Notice"). A true and correct copy of the Tax Notice is attached hereto as **Exhibit "1"**.

18. The United States asserts that the Tax Notice entitles it to any funds Larios receives from the sale of the Property.

### Escrowed Proceeds

19. The sale of the Property closed on June 30, 2023.

20. After payment of real property taxes and insurance, Larios' share of the net proceeds totals $33,239.52 ("Escrowed Funds"). The Escrow Holder is currently holding the Escrowed Funds.

21. Trustee is informed and believes that both Defendants claim an interest in the Escrowed Funds.

///

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Interpleader Complaint v2.docx

4

## CLAIM FOR RELIEF

### [Interpleader Pursuant to Federal Rule of Bankruptcy Procedure 7022]

### (Against All Defendants)

22.    The Trustee hereby incorporates by reference each paragraph above, inclusive, as though fully set forth herein.

23.    The Trustee is indifferent with respect to whom the Trustee should deliver the Escrowed Funds to and claims no interest in the Escrowed Funds.

24.    The Trustee will deposit the currently held Escrowed Funds in the approximate amount of $33,239.52 with the clerk of the Bankruptcy Court upon the filing of this Complaint in Interpleader.

25.    In connection therewith, the Trustee has incurred attorney fees and costs as a result of these proceedings.

**WHEREFORE**, the Trustee prays for judgment against Defendants as follows:

1.    That Defendants be ordered to interplead and litigate their respective rights in and to the Escrowed Funds.

2.    That the Trustee be discharged from any and all liability on account of the claims of Defendants to the Escrowed Funds.

3.    That Defendants be restrained from instituting or further prosecuting any proceeding or action against the Trustee for recovery of the Escrowed Funds.

4.    That Trustee be awarded costs and reasonable attorney fees to be determined by the Bankruptcy Court, to be paid out of the money deposited with the Bankruptcy Court; and

5.    For such other relief as the Bankruptcy Court deems proper.

Respectfully submitted,

**SHULMAN BASTIAN FRIEDMAN & BUI LLP**

DATED: September 20, 2023    By:    /s/ Rika M. Kido
    Leonard M. Shulman
    Rika M. Kido
    Attorneys for Lynda T. Bui, Chapter 7 Trustee

SHULMAN BASTIAN
FRIEDMAN & BUI LLP
100 Spectrum Center Drive
Suite 600
Irvine, CA 92618

Interpleader Complaint v2.docx

5

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Lynda T. Bui, the Chapter 7 Trustee for the bankruptcy estate of DDI DISTRIBUTION OF CALIFORNIA, LLC, dba DDI Distribution, Inc. | **DEFENDANTS**<br>PETER LARIOS, an individual, and THE UNITED STATES OF AMERICA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Rika M. Kido - Bar No. 273780<br>SHULMAN BASTIAN FRIEDMAN & BUI LLP<br>100 Spectrum Center Drive, Suite 600<br>Irvine, California 92618<br>Telephone: (949) 340-3400 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT IN INTERPLEADER

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment  [2]

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)  [1]

☒ Check if this case involves a substantive issue of state law     ☐ Check if this is asserted to be a class action under FRCP 23
☐ Check if a jury trial is demanded in complaint     Demand $

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>DDI DISTRIBUTION OF CALIFORNIA, LLC, dba DDI Distribution, Inc. | BANKRUPTCY CASE NO.<br>6:19-bk-16545-WJ | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Honorable Wayne Johnson | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Rika M. Kido | | | |
| DATE<br>September 20, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Rika M. Kido | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form B1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.